IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

OZZIE PICKETT,

    Plaintiff,

vs.

YOLANDE JOHNSON, *et al.*,

    Defendants.

Case No. 12-cv-13-JPG-PMF

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 72) of Magistrate Judge Philip M. Frazier recommending that the Court deny the Motion for Summary Judgment (Doc. 58) as follows: (1) find there is no genuine issue of material fact for an evidentiary hearing on the defendants' affirmative defense of failure to exhaust administrative remedies; (2) find that the movants have demonstrated by a preponderance of the evidence that the plaintiff has failed to exhaust his available administrative remedies against them; and (3) dismiss defendants Keith Benefield, Robert Benefield, Jose Delgado, Brent Hunsaker, John Maragni, Homer Markel, Daniel Monti, Jeff Peterson, Sarah Robertson, Jamie Sisk, James Smith, James Watkins, and Eugene Simpson from the lawsuit.  Thereafter, plaintiff filed an objection to the R & R (Doc. 75), to which defendants filed a response (Doc. 77).

    **I.**    **Facts and Procedural History**

    Plaintiff has more than the three allowed "strikes" under 28 U.S.C. § 1915(g); the Court, however, permitted him to proceed finding that he had sufficiently pleaded he was under imminent danger of serious physical injury.  In his complaint, plaintiff alleged numerous violations of his constitutional rights by several defendants.  The Court previously recounted the relevant facts of this case as follows:

The complaint begins by describing assaults on Plaintiff by several Defendant correctional officers on December 8, 2011. First, while driving Plaintiff back to Tamms after he had spent a week at Pontiac Correctional Center ("Pontiac") on a writ to appear in court, Defendants Keith Benefield, Watkins, and Lt. John Doe punched Plaintiff on the back and side of his head and verbally threatened him (Doc. 1, p. 6-8). Defendant Watkins repeatedly slammed on the van's brakes in order to throw Plaintiff against the sides of the "cage" where he was seated in shackles and handcuffs, and Defendant K. Benefield turned on the air conditioner to increase Plaintiff's discomfort. During the van ride, these Defendants verbally harassed Plaintiff, using racial epithets, and at one point discussed hanging him (Doc. 1, p. 8).

After Plaintiff's arrival at Tamms later that day, Defendant Watkins again punched Plaintiff in the head while Defendants Peterson and Sisk held him down. Defendants K. Benefield and Hunsaker also participated in this assault (Doc. 1, p. 14). In addition, Defendants K. Benefield, Peterson, Hunsaker, Watkins, Sisk, and Lt. Robert Benefield, while "shaking down" Plaintiff's property, destroyed and threw away Plaintiff's mail and legal papers, and read his confidential legal correspondence (Doc. 1, p. 11).

Subsequently, Plaintiff was taken to the prison hospital, where he reported the assault and his injuries to Defendants Hill and Parrish (Doc. 1, p. 15). They examined him but gave him no medical treatment, nor did they request Internal Affairs to investigate the incident.

Plaintiff claims that some two weeks earlier, on November 24, 2011, he had complained to Defendant Lambert (the Tamms Assistant Warden) about the danger he believed he was in from numerous correctional officers, including those Defendants who perpetrated the December 8, 2011, assaults (Doc. 1, p. 15). Additionally, Plaintiff had filed a grievance on August 30, 2011, over another incident of excessive force. He requested Defendant Lambert to "restrain the Defendants from having contact with Plaintiff" and from working on Plaintiff's housing unit (Doc. 1, p. 16). Plaintiff asserts that these complaints motivated Defendants K. Benefield, R. Benefield, Watkins, Peterson, Sisk, Hunsaker, and John Doe to assault him and destroy his mail, legal correspondence, and other property in retaliation against him for complaining (Doc. 1, p. 16).

Plaintiff further notes that he has several pending court cases which will require him to again be transported to another institution, thus placing him in a situation where another assault such as the one on December 8, 2011, may recur. Indeed, while this case was awaiting preliminary review, Plaintiff notified the Court that he was again temporarily relocated to Pontiac on February 2, 2012 (Doc. 17).

Plaintiff asserts that several Defendants conspired together to orchestrate and then to cover up the December 8, 2011, assault on him, as well as the retaliatory destruction of his property. He further claims that the warden and other

2

> administrators and officers (Defendants Johnson, Lambert, Monti, Markel, J. Smith,2 Delgado, Robertsen, and T. Osman;3 along with four staff members not named elsewhere in the complaint as Defendants) failed to protect him from racially motivated assaults by other Defendants, failed to discipline correctional staff, ignored complaints from Plaintiff and other inmates, and housed him in inhumane conditions (Doc. 1, p. 19; Doc. 1-1, p. 1). He states that the Defendants who assaulted him on December 8, 2011, had previously victimized three other black inmates in racially motivated attacks (Doc. 1-1, p. 1).

Doc. 23, pp. 3-5.

As Magistrate Judge Frazier explained, the Court divided plaintiff's complaint into seven counts, allowing only the following three counts to survive threshold review:

> Count 1: Excessive Force in violation of the right to be free from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution with respect to allegations related to being punched in the head, verbal taunts, and failure to intervene on December 8, 2011, against defendants K Benefield, Watkins, Lt. John Doe, []Peterson, Sisk, and Hunsaker.
>
> Count 2: Retaliation for filing grievances (protected activity) in violation of the First Amendment of the U.S. Constitution with respect to allegations of retaliation occurring on or after December 8, 2011, against defendants K. Benefield, R. Benefield, Watkins, Peterson, Sisk, and Lt. John Doe.
>
> Count 4: Conspiracy to violate Eighth and First Amendment rights (*see* Counts 1 and 2) with respect to allegations of planning and covering up the unlawful beating, intimidation, and confiscation [of] personal property on or after December 8, 2011, against defendants Delgado, R. Benefield, Maragani, Lt. John Doe, Monti, J. Smith, Simpson, Markel, and Robertson.

Doc. 72, p. 3. Thereafter, with regard to these three remaining counts, defendants filed a motion for summary judgment alleging that plaintiff failed to exhaust his administrative remedies. (Doc. 58). Defendants attached the affidavit of Gina Allen, Chairperson for the Administrative Review Board, who attested that she was unable to locate any grievances filed by plaintiff complaining of "issues of force or destruction of legal property on December 8, 2011." Doc. 58-1, p. 2.

Thereafter, plaintiff filed a motion for an extension of time (Doc. 63) to respond to defendants' motion for summary judgment, to which he attached 107 pages of exhibits. Plaintiff

never filed a response to defendants' motion for summary judgment. The R & R recommended this Court grant defendants' motion for summary judgment. Specifically, the R & R looked through the numerous documents filed by plaintiff and determined that none of the attached grievances concerned the December 8, 2011, incidents of which plaintiff currently complains. Accordingly, the R & R concluded that plaintiff failed to overcome the presumption that he had failed to exhaust his administrative remedies.

**II.     Analysis**

After reviewing a report and recommendation, the Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in the report. Fed. R. Civ. P. 72(b). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a

genuine issue of material fact exists.  Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).  A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Michas*, 209 F.3d at 692.  Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252; *accord Michas*, 209 F.3d at 692.

As the R & R explained, the Prison Litigation Reform Act requires that all prisoners must exhaust available administrative remedies before filing an action under 42 U.S.C. § 1983.  42 U.S.C. § 1997e(a).  "Failure to exhaust is an affirmative defense under the PLRA." *Jones v. Bock*, 549 U.S. 199, 216 (2007).  *Pavey* explained the process by which to proceed where exhaustion is contested as follows:

> (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3) If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits.

*Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008).  Where there are no disputed facts regarding exhaustion, "there is no reason to conduct an evidentiary hearing." *Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009).

Plaintiff failed to respond to defendants' motion for summary judgment. Pursuant to Local Rule 7.1(c), the Court may, in its discretion, consider plaintiff's failure to respond as an admission of the merits of defendants' summary judgment motion. However, even if this Court declined to exercise its discretion under Local Rule 7.1(c), the Court finds that plaintiff has failed to overcome the presumption that he failed to exhaust his administrative remedies. The Court has reviewed plaintiff's voluminous objection. Nowhere in plaintiff's objection does he claim he grieved the events surrounding the alleged December 8, 2011, incidents. Instead, he attaches numerous irrelevant documents and discusses many of the same grievances that the R & R already concluded were not relevant to the December 8, 2011, incidents. Further, the Court has reviewed the documents that Magistrate Judge Frazier reviewed in concluding that plaintiff failed to exhaust administrative remedies. Similarly, this Court is unable to find a grievance filed by plaintiff concerning the December 8, 2011, incidents that are at issue in this case. Plaintiff has failed to show that a genuine issue of material fact exists regarding his exhaustion of remedies. Accordingly, movants are entitled to judgment as a matter of law.

### III.   Conclusion

Accordingly, the Court **ADOPTS** the R & R (Doc. 72) which **GRANTS** defendants' motion for summary judgment (Doc. 58) as follows:

1. There is no genuine issue of material fact for an evidentiary hearing on defendants' affirmative defense of failure to exhaust administrative remedies;
2. Movants have demonstrated by a preponderance of the evidence that the plaintiff failed to exhaust his available administrative remedies against them; and

3. Defendants Keith Benefield, Robert Benefield, Jose Delgado, Brent Hunsaker, John Maragni, Homer Markel, Daniel Monti, Jeff Peterson, Sarah Robertson, Jamie Sisk, James Smith, James Watkins, and Eugene Simpson are dismissed.

Thereafter, Counts 1, 2, and 4 will remain only against defendant John Doe.

**IT IS SO ORDERED.**

**DATE:** September 11, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
